■ KAREN CORSETTI, Individually and as Administratrix of the Estate of MICHAEL CORSETTI, and as Mother and Natural

Guardian of MICHAEL CORSETTI, JR., and Others, Infants, Appellants, v KOPPERS CO. INC. et al., Defendants, and BROWNE AND BRYAN LUMBER CO., INC., Respondent and Third-Party Plaintiff. NEW YORK CITY TRANSIT AUTHORITY, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [640 NYS2d 556] —Judgment, Supreme Court, Bronx County (David Levy, J.), entered on or about September 8, 1994, which, upon a jury verdict in favor of the remaining defendant, Browne and Bryan Lumber Co., dismissed the complaint as against that defendant and the third-party complaint against third-party defendant New York City Transit Authority, unanimously affirmed, without costs.

In an action for wrongful death, plaintiffs alleged that decedent contracted aplastic anemia, a rare blood disease, after being exposed to creosote treated railroad ties during the course of his employment with the New York City Transit Authority. The trial court did not improvidently exercise its discretion in precluding decedent's former family physician from testifying as to the cause of decedent's fatal illness where the witness was not the prime physician responsible for treatment of the decedent's aplastic anemia, and it was undisputed that the witness had no experience, education and specialized training in hematology, toxicology or industrial hygiene, nor conducted any research on either aplastic anemia or creosote, and did not regard himself to have sufficient expertise to testify as to the decedent's cause of death (see, *Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398). In any event, plaintiffs were not prevented from establishing causation, since an expert witness, presented by them, who was so qualified, testified without significant restriction to his opinion that decedent's illness was a direct result of his contact with creosote treated railroad ties. Nor is there any merit to plaintiffs' claim that the trial court "cross-examined" and "impeached" their expert witness. Concur—Rosenberger, J. P., Rubin, Nardelli and Tom, JJ.